UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**AMOS C. SMITH and MICHELLE DRANE SMITH**　　　　　　　**PLAINTIFFS**

**V.**　　　　　　　　　　　　　　　**CIVIL ACTION NO.1:07CV077 LTS-RHW**

**STATE FARM FIRE AND CASUALTY COMPANY**　　　　　　　**DEFENDANT**

## MEMORANDUM OPINION

The Court has before it the motions [5] [11] of State Farm Fire and Casualty Company (State Farm) to determine the interest of the United States Small Business Administration (SBA) and to dismiss the complaint or, in the alternative, to join the SBA as a party. For the reasons discussed below, these motions will be denied.

This is an action to recover property insurance benefits for damage that occurred during Hurricane Katrina. At the time of the storm the plaintiffs were the named insureds under a homeowners policy (policy number 24-BU-5116-1) issued by State Farm. The insured property was the plaintiffs' dwelling and its contents located at 522 Prentiss Road, Pass Christian, Mississippi. The insured property was extensively damaged in the storm. There is a dispute between the plaintiffs and State Farm over whether the damage to the insured property was caused by a covered peril, and, if so, the extent of this covered loss. Plaintiffs also allege that State Farm's handling of their claims were tortious under applicable Mississippi law. (Complaint Paragraphs 18 through 20)

Approximately ten months after the storm, in June 2006, the plaintiffs obtained a disaster loan from the United States Small Business Association (SBA). This loan is secured by a deed of trust on the plaintiffs' property. As part of this loan transaction, the plaintiffs assigned the proceeds of their State Farm homeowners policy to the SBA. This was accomplished under the terms of a Loan Authorization Agreement and a separate assignment. This agreement and assignment are required under applicable federal statutes and regulations to avoid use of SBA emergency loan funds to duplicate compensation borrowers might receive from other sources, including property insurance. The assignment provides:

### *ASSIGNMENT OF INSURANCE PROCEEDS*

*For value received, [Plaintiffs] (insured) hereby assign to the U.S. Small Business Administration, an Agency of the United States Government (SBA), any and all moneys now due or to become due to [Plaintiffs] from State Farm Insurance (Homeowners)under policy no 24BU51161 for damages occurring on or about August, 2005, as a result of a (an) Hurricane Katrina.*

*The insured and SBA agree that this Assignment shall only apply to recoveries for Personal Property & Real Estate.*
*The insured and SBA agree that this assignment shall not apply to recoveries for additional living expenses, and checks issued solely for this purpose need not name the SBA as a payee.*

While this assignment is not an assignment of the insureds' *rights* under the policy or of the plaintiffs' *claims* against State Farm under the policy, State Farm contends that this assignment has the legal effect of making the SBA, and not the plaintiffs, the real party in interest in this case.  Since the SBA is not presently a party, State Farm contends that this action should be dismissed on the grounds that the plaintiffs lack standing to pursue a claim under the State Farm policy.  Alternatively, State Farm asserts that the SBA should be joined as a party.  State Farm has raised this issue as part of both its motion to dismiss and its motion to determine the interest of the SBA in the proceeds of its homeowners insurance policy.  Under the terms of the documents the plaintiffs have signed, the interest of the SBA does not appear to me to be a matter in dispute.  The SBA is the assignee of specified parts of the homeowners coverage in accordance with the terms of the assignment quoted above.  I see no indication that the plaintiffs contest this interpretation of their agreement with the SBA.

Granting State Farm's motion to dismiss based on its assertion that the plaintiffs lack standing to bring this lawsuit would create something of a Catch-22 for the plaintiffs.  State Farm's contention is that having obtained a loan secured in part by an assignment of the *proceeds* of their property insurance, the plaintiffs are no longer entitled to press their claim to collect those policy proceeds.  Since a recovery of policy benefits and payment of the sums recovered would necessarily operate to reduce, i.e. to offset, dollar for dollar, the amount the plaintiffs are obliged to repay the SBA on their loan, the plaintiffs have a direct and obvious interest in the recovery of these insurance benefits.  I see nothing in the assignment or the related documents that evidences any intention on the part of the plaintiffs or on the part of the SBA that the SBA take over the litigation of the insurance claim under the plaintiffs' State Farm policy, and I see no indication that the plaintiffs intended to transfer or the SBA to acquire the plaintiffs' rights under the policy.

Plaintiffs have assumed a valid legal obligation to pay any policy proceeds they may recover to the SBA, but I am at a loss to understand how State Farm can contend, in good faith, that plaintiffs no longer have a sufficient interest in this litigation to recover those policy proceeds to qualify as real parties in interest under F.R.Civ.P. 17.  I find no merit in State Farm's contention that the assignment of these insurance proceeds deprives the plaintiffs, the named insureds, of standing to pursue a claim under their homeowners insurance policy.  In my view, the plaintiffs have a right to seek enforcement of their insurance contract as well as a duty to honor the assignment of any insurance proceeds they may recover in accordance with the plaintiffs' contractual obligations to the SBA.

State Farm also takes the position that the plaintiffs lack standing to pursue a claim under their homeowners policy for additional living expenses (ALE benefits) despite the fact that the assignment contains an exception of these policy benefits from the assignment. State Farm is arguing that the plaintiffs are unable to pursue a claim that they expressly reserved because there has been an assignment of all other policy proceeds.  In my opinion, the reservation of the ALE claim alone makes the arrangement a partial rather than a complete assignment of the policy proceeds.  This fact alone distinguishes those cases cited by State Farm in support of its contention that the plaintiffs have no continuing interest in recovering benefits under the State Farm policy.  These cases include *EB, Inc. v. Allen*, 722 So.2d 555 (Miss.1998) and *Great Southern National Bank v. McCullough Environmental Services, Inc.*, 595 So.2d 1282 (Miss.1992).

Mississippi jurisprudence looks to the terms of an assignment as well as the circumstances in which the assignment is made to determine the parties' intentions. *EB, Inc. v. Allen*, 722 So.2d 555 (Miss.1998) citing *International Harvester Co. v. Peoples Bank & Trust Co.*, 402 So.2d 856, 861 (Miss.1981).  Mississippi cases also draw a distinction between the assignment of a contract and the assignment of money that may be due or may become due under a contract.  The latter may be validly assigned even where the underlying contract expressly prohibits assigning the contract itself. *Merchants and Farmers Bank of Meridian v. McClendon*, 220 So.2d 815 (Miss.1969).  The State Farm policy at issue in this case cannot be validly assigned by the plaintiffs without State Farm's written consent. (State Farm Policy at page 20, Condition 7)

When the terms of the assignment and the surrounding circumstances indicate the parties intention to convey all of an assignor's rights in the thing assigned, the assignee thereafter has no further interest therein.  This was the type of transaction that was before the Court in *International Harvester Co. v. Peoples Bank and Trust Co.*, supra.  The debtor in that case assigned to the bank his "contract rights" in an agreement between the debtor and International Harvester Company (International Harvester).  The contract in question was delivered to the bank as part of this arrangement.  The Court found that this was an unequivocal assignment of all the debtor's rights under his contract with International Harvester.  This transaction involved a fixed legal obligation to pay a sum certain.  The assignment was approved by International Harvester, and the contract itself was expressly assigned and delivered to the assignee.  This transaction stands in sharp contrast to the SBA assignment now before the Court.  The legal obligation of State Farm under its homeowners policy has not yet been liquidated; the assignment is contingent on the plaintiffs' recovery under their insurance policy; and the assignment reserves some rights under the insurance contract to the plaintiffs.  If the plaintiffs cannot prove their case on its merits there are and will be no "moneys due to [Plaintiffs] under the [State Farm] policy."

The assignment now before the Court does not appear to me to cover the plaintiffs' claims for extra-contractual damages based on State Farm's alleged bad faith misconduct.  This is a tort claim that is based on duties incident to the insurance

contract, not a contract claim payable under the terms of the policy. The assignment does not purport to assign these claims to the SBA, and I see nothing in these loan documents that indicates an intention by either the plaintiffs or the SBA to assign these rights.

The plaintiffs are the named insureds under the State Farm policy, and the SBA is neither an additional insured nor a third party beneficiary of the insurance contract at issue.  The plaintiffs obligation to the SBA arose through a loan transaction that occurred several months after the loss allegedly covered by the State Farm homeowners policy identified in the complaint.  As I read the terms of the agreement between the SBA and the plaintiffs, the plaintiffs' obligation is to pay to the SBA, for credit against the outstanding balance of the SBA loan, the policy benefits, if any, the plaintiffs actually collect in this lawsuit, i.e. "any and all moneys now due or to become due under [the State Farm] policy."

Accepting State Farm's argument would lead to the conclusion that the SBA and the plaintiffs intended to agree that the SBA would assume the right and the responsibility for pursuing claims under the policy.  I do not believe that to be the case. It is clear to me that the SBA has never contemplated undertaking to litigate the insurance claims of those to whom it has given emergency loans involving the assignment of insurance proceeds.  I see nothing in the loan documents or the assignment that indicates any intention that this should occur.  The plaintiffs' obligation to repay their SBA loan exists independently of their right, if any, to collect insurance benefits under their homeowners policy.  The agreement between the plaintiffs and the SBA only affects the disposition of that recovery in the event such a recovery occurs.

While I would certainly permit the SBA to intervene in this action to protect its interest if it should apply for that relief, I do not believe this situation warrants my requiring the SBA to participate in this action involuntarily.  Since the assignment at issue does not make a full assignment of the plaintiffs' rights under the contract or of the plaintiffs' claims under the contract, I find that the SBA has acquired no interest in this insurance contract other than its unchallenged right to be paid the sums plaintiffs may recover as policy benefits, up to the outstanding balance owed on the plaintiffs' emergency loan.

State Farm also seeks dismissal of this action under a theory of election of remedies.  State Farm asserts that where, as here, an insured has two policies of insurance covering mutually exclusive risks, accepting benefits admittedly owed under one policy (in this case the plaintiffs' flood policy) invalidates any claim the plaintiffs may have under the other policy (in this case a claim for wind damage under the State Farm homeowners policy).  I find no support for this argument in any Mississippi case, and I find the doctrine of election of remedies completely inapplicable to this fact situation.

Where damage to property is covered by two insurance policies covering different risks (water damage covered by the plaintiffs' flood policy is excluded under the homeowners policy and wind damage covered by the plaintiffs' homeowners policy is not covered under the flood policy), the insured has a contractual right to collect the benefits owed under both policies. State Farm asserts, without a shred of supporting evidence, that the recovery of flood insurance benefits has completely compensated the plaintiffs for their loss. I find that the plaintiffs are entitled to proceed, under their stated theories of recovery, and to offer evidence in support of their claims.

State Farm's theory that the wind damage the plaintiffs claim is excluded under the "anti-concurrent cause" provision of the homeowners policy is inconsistent with my ruling in *Tuepker v. State Farm Fire and Casualty Company*, 2006 WL 1442489 (S.D.Miss.2006). State Farm points out that it has appealed this ruling, but unless and until that ruling is reversed I intend to follow it in all the cases that come before me.

Finally, I find State Farm's argument that the plaintiffs are equitably estopped, by their acceptance of flood insurance benefits, from seeing a recovery under their homeowners policy singularly unpersuasive. State Farm's contention that these actions constitute a "Concealment or Fraud" under the terms of the plaintiffs' flood policy and that these actions would void the plaintiffs' flood policy lack any support in the case law. Contrary to State Farm's assertion, if the plaintiffs establish a right of recovery under their homeowners policy there will not be a double recovery or a windfall to the plaintiffs. The upper limit of the plaintiffs' recovery will be *the lesser of* the policy limits under the homeowners policy or the total loss, from both wind and water damage, after allowing credit for the flood insurance benefits already collected.

Accordingly, I will deny State Farm's motions [5] [11]. An appropriate order will be entered.

**DECIDED** this 15th day of May, 2007.

s/ L. T. Senter, Jr.
L. T. SENTER, JR.
SENIOR JUDGE